IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY

KRISTY ESTES, individually and on behalf of all others similarly situated,

    *Plaintiffs*,

v.

WILLIS & BROCK FOODS, INC. and JESSIE WILLIS, individually;

    *Defendants*.

Civil No. 6:18-cv-00197-GFVT

JURY DEMANDED
FLSA COLLECTIVE ACTION

## JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

The above-named Parties, by and through their undersigned counsel of record, hereby request preliminary approval of the Parties' Settlement Agreement, attached as Exhibit 1 to Defendants' contemporaneously filed Unopposed Motion to File Redacted Settlement Documents.

### I. INTRODUCTION

Plaintiff filed this class and collective action against Defendants in this Court. Plaintiff has alleged that Defendants failed to properly reimburse delivery drivers for expenses, violating their minimum wage obligations.

Subject to Court approval, the Parties have agreed to settle these claims on a FED. R. CIV. PROC. 23 class basis for a confidential settlement amount, inclusive of attorney's fees, litigation costs, and Plaintiff enhancement award. As discussed herein, the Settlement meets all the criteria for preliminary approval. To effectuate the settlement and distribute funds to settlement class members, the Parties request that the Court (1) preliminarily approve the Settlement Agreement, (2) certify the proposed class for settlement purposes; (3) sign the proposed Preliminary

1

Approval Order; (4) approve and authorize mailing/emailing of the proposed Class Notice of Proposed Class Action Settlement; and (5) set a date for a final approval hearing more than 100 days after the order of preliminary approval. The settlement is non-reversionary, i.e., Defendants will pay the entire settlement amount upon final approval of the Parties' settlement agreement.

## II.  STATEMENT OF FACTS

### A.  Procedural and Litigation History

Plaintiff worked as Defendants' pizza delivery driver and consented to bring the instant action on behalf of all others similarly situated. The Parties previously stipulated to conditional certification. The Parties thoroughly investigated their claims and defenses and engaged in extensive settlement discussions over a period of several months. As a result of the Parties' evaluation of the claims, their negotiations, and to facilitate this settlement, the Parties' hereby stipulate to certification of the claims covered by the settlement, under FED. R. CIV. PROC. 23.

### B.  Background of Settlement Negotiations

The Parties conducted an investigation of facts during the prosecution of the litigation, which included the formal and informal exchange of information. Counsel for the Parties also analyzed the likelihood of successfully trying the case on a class-wide basis. The Parties further reviewed records and interviewed witnesses. Numerous tele-conferences were held, and emails exchanged between representatives of the Parties in order to attempt to resolve the claims.

Defendants denied and continue to deny any liability or wrongdoings of any kind associated with the claims alleged by Plaintiff, and further deny that, for any purpose other than settling this matter, this action is appropriate for class treatment. Plaintiff, on the other hand, asserts that Defendants failed to comply with federal minimum wage requirements embodied in the FLSA and applicable state wage laws. Class Counsel understands Defendants' position and defenses, but believes Plaintiff, individually and on behalf of the Class, could ultimately succeed

2

at trial on the basis of common proof. Both Parties recognize the uncertainty of the outcome, and appreciate the expense and time associated with further litigation.

Accordingly, in the interest of resolution, representatives of the Parties participated in lengthy settlement negotiations and ultimately reached a Settlement after taking into account the disputed factual and legal issues, the risks attendant to further prosecution, Defendants' defenses, and the benefits to be received by Class Members. Counsel concluded that settlement on the terms set forth herein is in the best interest of Plaintiff and the Class and is fair and reasonable.

### III. THE PARTIES' SETTLEMENT

#### A. The Settlement Terms

The Settlement Agreement defines the Settlement Class as:

> Defendants' drivers who worked at Defendants' Kentucky stores from July 20, 2015 to July 20, 2020.

The Agreement provides for a confidential settlement amount. The Settlement Agreement is non-reversionary. All required payments will be made from this amount, including all payments to Settlement Class Members, attorney's fees and litigation expenses, service awards, Claims Administrator fees, and all payroll and withholding taxes (excluding all employer payroll taxes). Plaintiff's counsel has agreed to seek no more than 40% of the common fund for attorney's fees and litigation costs, and Defendants have agreed that they will not oppose this request.

The Claims Administrator will send a notice of preliminary approval and settlement to each Settlement Class Member and Settlement Class Members will have 60 days after mailing of the notice to choose to opt-in, choose to opt-out, file objections, and are also provided an opportunity to appear at the final approval hearing to be set by the Court.

#### B. The Settlement Payments

The amount allocated to settlement payments to the Settlement Class will be distributed

on a pro-rata basis based on numerous factors, including the total number of miles driven by each Plaintiff, the reimbursements each Plaintiff received from Defendants, and the number of weeks worked by Settlement Class Members and as verified by Defendants. The settlement payments will be in part to wages and in part to liquidated damages. Settlement checks that cannot be delivered or are not cashed after 200 days of mailing will be donated to designated *cy pres* charitable organizations.

### IV. ARGUMENT

#### A. The Court Should Preliminarily Approve The Settlement

Fed. R. Civ. P. 23(e) provides a class action can be settled only with court approval. In the Sixth Circuit, there is a three-step process for approving class action settlements: (1) the court preliminarily approves the proposed settlement; (2) the class members receive notice of the proposed settlement; and (3) after a hearing, the court finally approves the settlement. *Brotherton v. Cleveland*, 141 F. Supp. 2d 894, 903 (S.D. Ohio 2001). Preliminary approval of a class action settlement is thus a provisional step. At the preliminary approval stage, the Court's review is not exacting. The Court's role is simply to evaluate whether the proposed settlement appears to be the product of serious, informed, non-collusive negotiation, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval. *In re Skechers Toning Shoe Prods. Liab. Litig.*, 2012 WL 3312668, at *8 (W.D. Ky. Aug. 13, 2012); *Hyland v. HomeServices of Am., Inc.*, No. 05-cv-612, 2012 WL 122608, at *2 (W.D. Ky. Jan. 17, 2012) (citing *Tenn. Assoc. of Health Maint. Orgs., Inc. v. Grier*, 262 F.3d 559, 565-66 (6th Cir. 2001)). The standards for preliminary approval are less stringent than at the final approval stage. *Davis v. J.P. Morgan Chase & Co.*, 775 F. Supp. 2d 601, 607 (W.D.N.Y. 2011)). Moreover, in evaluating a proposed settlement, "[the Court's] role at this stage of the proceeding is not to evaluate the merits of the litigation, since this would

4

contravene the parties' decision to 'waive their right to litigate the issues involved in the case and thus save themselves the time, and the inevitable risk of litigation." *United States v. Armour & Co.*, 402 U.S. 673, 681 (1971). The question for the Court to resolve is "simply whether the settlement is fair enough that it is worthwhile to expend the effort and costs associated with sending potential class members notice and processing opts-outs and objections." *Hillson v. Kelly Servs.*, Case No. 2:15-cv-10803, 2017 WL 279814, at *6 (E.D. Mich. Jan. 23, 2017). Accordingly, at the preliminary approval stage, "the bar to meet the 'fair, reasonable, and adequate' standard is lowered[.]" *In re Regions Morgan Keegan Secs.*, No. 08-cv-2260, 2015 WL 11145134, at *3 (W.D. Tenn. Nov. 30, 2015); *Johnson v. W2007 Grace Acquisition I, Inc.*, No. 13-2777, 2015 WL 12001268, at *4 (W.D. Tenn. Apr. 30, 2015). Applying these standards, preliminary approval of the Settlement Agreement is warranted.

### B. The Proposed Settlement Was Fairly And Honestly Negotiated

The primary procedural factor that courts consider in determining whether to preliminarily approve a proposed class action settlement is whether the agreement arose out of arms-length, non-collusive negotiations. *Hillson*, 2017 WL 279814, at *6 (citing *Newberg on Class Actions*, § 13:14 (5th ed.)). Here, the Parties are represented by experienced counsel specializing in the type of wage and hour claims alleged in the action. The Parties investigated the merits of the claims and Defendants' defenses and engaged in extensive settlement negotiations. *Duhaime v. John Hancock Mut. Life Ins. Co.*, 177 F.R.D. 54, 68 (D. Mass. 1997) ("[I]n general, a settlement arrived at after arm's length bargaining may be presumed to be fair."). The Parties' counsel rigorously negotiated the settlement terms, such that there can be no doubt that the settlement was honestly and fairly negotiated, and not the product of collusion. *Crawford v. Lexington-Fayette Urban Cnty. Gov't*, Civil Action No. 06-299-JBC, 2008 WL 2885230, at *6 (E.D. Ky. Oct. 23, 2008) (finding no risk of fraud or collusion relative to final

5

approval, where settlement was "the product of arm's length, good-faith settlement negotiations.").

### C. Serious Questions Of Law And Fact Exist, Placing The Ultimate Outcome Of This Action In Doubt

Plaintiff believes that the claims are strong, but recognizes that success is not guaranteed. With respect to the merits of Plaintiff's claims, Plaintiff believes that Plaintiffs will prevail in demonstrating that class members were not properly reimbursed for miles they incurred in their own vehicles on Defendants' behalf. Defendants, however, contend that they fully complied with applicable minimum wage requirements and believe numerous factors could preclude class-wide treatment. Nonetheless, while Defendants believe that their defenses are strong, they recognize that they may not ultimately prevail, and that the proposed settlement alleviates the uncertainty for both sides.

Even aside from the risks associated with determining liability, significant risks exist as to the amount of possible damages. First, the Parties dispute whether the three-year limitations period applies, or whether the two-year period for non-willful violations would be applicable in this matter. Second, the Parties dispute whether this case could be tried on a class-wide basis. Finally, the parties dispute the applicability of potential penalties. Because there are several important questions of law and fact regarding liability and damages that remain unresolved, the second factor weighs in favor of approval of the Settlement. *See Brent v. Midland Funding, LLC*, No. 3:11 CV 1332, 2011 WL 3862363, at *16 (N.D. Ohio Sept. 1, 2011)(citing to 4 Alba Conte & Herbert B. Newberg, Newberg on Class Actions § 11.50 (4th ed.2002) that "[i]n most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results.").

6

### D. The Value Of Immediate Recovery Outweighs The Possibility Of Future Relief

The issues here are complex and will be vigorously contested, resulting in significant time and expense if the litigation continues. Barring a settlement, the Parties would need to prepare for and conduct a trial with numerous witnesses. Thereafter, any final judgment could be appealed, thereby extending the duration of the litigation. Given these risks, further litigation could result in no recovery for Class Members or a significant judgment against Defendant which could bankrupt it, leaving nothing for the Class Members to recover. However the Agreement provides for a non-reversionary structure, i.e. all Class Members stand to recover something. *See, e.g., Kinder v. Meredith Corp.*, Case No. 14-cr-11284, 2016 WL 454441, at *2 (E.D. Mich. Feb. 5, 2016) (granting preliminary approval of class settlement based in part on non-reversionary nature of settlement fund). For these reasons, the value of an immediate and certain settlement far outweighs the uncertainty of any future relief, and the Settlement Agreement should be preliminarily approved. *Id*.

### E. Counsel Believe The Settlement Is Fair And Reasonable

Counsel for both sides fully support the Settlement Agreement, and "[c]ounsels' judgment as to the fairness of the agreement is entitled to considerable weight." *Lucas*, 234 F.R.D. at 695 (finding that this factor favored preliminary approval where "the parties' counsel - among whom are attorneys with substantial experience in complex class action litigation and disability class actions - unanimously support this settlement") (citation omitted); *see also*, *id* at *18 (same). When evaluated in light of the factors identified by this Circuit, the proposed settlement is fair, reasonable, and adequate and should be approved.

### F. The Settlement Class Meets the Requirements of Rule 23(a) For Settlement Purposes.[1]

#### 1. Numerosity

The numerosity requirement of Rule 23(a)(1) is established if the class is so numerous that joinder of all members is impracticable. In the instant case, the Settlement Class consists of in excess of 63 individuals, which satisfies the numerosity requirement of Rule 23(a)(1). *See, e.g.* Afro Am. Patrolmen's League v. Duck, 503 F.2d 294, 298 (6th Cir. 1974)(as few as 35 people satisfied standard); *Maez v. Springs Automotive Group, LLC*, 268 F.R.D. 391, 395 (D. Colo., 2010) (391 putative class members satisfied numerosity requirement).

#### 2. Commonality & Typicality

Commonality and typicality "tend to merge." *See Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 542 (6th Cir. 2012). "A finding of commonality requires only a single question of law or fact common to the entire class." *DG v. Devaughn*, 594 F.3d 1188, 1194-1195 (10th Cir. 2010). "[E]very member of the class need not be in a situation identical to that of the named plaintiff." *Milonas v. Williams*, 691 F.2d 931, 938 (10th Cir. 1982). Here, Plaintiff contends the primary questions of law and fact central to the claims against Defendants include:

    a. Whether the class members' vehicle-related expenses resulted in payment below minimum wage;

    c. Whether Defendants willfully violated applicable wage and hour laws; and

    d. Whether Plaintiff and the class members have sustained damages and, if so, the proper measure of damages.

---

[1] Defendants submit that the Settlement Class meets the requirements of Rule 23 for settlement purposes only. Defendants in no way admit to the suitability of this case for class or collective action litigation other than for purposes of settlement. Defendants retain the right to contest whether the Litigation should be maintained as a class action should the Court deny approval of the settlement.

Thus, for settlement purposes, the proposed class members share sufficient commonality to satisfy Fed. R. Civ. P. 23(a)(2).

To satisfy the typicality requirement Fed. R. Civ. P. 23(a)(3), Plaintiff must show that his claims "are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The typicality requirement ensures that the absent class members are adequately represented by the lead plaintiff such that the interests of the class will be fairly and adequately protected in their absence. *Gen. Tel. Co. of Sw. v. Falcon,* 457 U.S. 147, 157 n.13 (1982). "[D]iffering fact situations of class members do not defeat typicality under Rule 23(a)(3) so long as the claims of the class representative and class members are based on the same legal or remedial theory." *Adamson v. Bowen*, 855 F.2d 668, 676 (10th Cir.1988).

Plaintiffs allege that they were not paid for all reimbursement expenses in a manner compliant with federal and state law. As a result, Plaintiffs claim that they and the other putative class members are owed additional compensation. Plaintiffs contend that the legal standards and requirements for proving the subject wage and hour claims are the same for Plaintiff's individual claims and those of all of the putative class members. Thus, for settlement purposes, Plaintiff's claims are sufficiently typical of the putative class to satisfy Fed. R. Civ. P. 23(a)(3).

### 3.     Adequacy

The last requirement of Rule 23(a) is that the representative party will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). The Sixth Circuit looks to two criteria to determine the adequacy of representation: "the representative must have common interests with unnamed members of the class; and it must appear that the representatives will vigorously prosecute the interest of the class through qualified counsel." *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 543 (6th Cir. 2012). Plaintiff asserts that neither she nor her counsel have any interests antagonistic to those of the putative class members. Plaintiff has communicated regularly with Class Counsel, and that Plaintiff, through counsel, has prosecuted

this action vigorously on behalf of herself and the putative class. Plaintiff contends her counsel has considerable experience as lead counsel in class action wage and hour litigation. Thus, for settlement purposes, Plaintiff has established that Plaintiff and Class Counsel will fairly and adequately protect the interests of the putative class to satisfy Fed. R. Civ. P. 23(a)(4).

### G. The Court Should Approve The Proposed Notice And Claim Form

Pursuant to Rule 23(e), the Court must direct reasonable notice to all class members. *Fidel v. Farley*, 534 F.3d 508, 513 (6th Cir. 2008) (citing Fed. R. Civ. P. 23(e)(1)). Courts have broad discretion to approve the specific form and content of notice so long as the notice meets the requirements of constitutional due process. *Id.* These requirements are met if the notice is reasonably calculated to apprise interested parties of the pendency of the proposed settlement and afford them an opportunity to present objections. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

A Rule 23(e) settlement notice must inform class members (1) of the nature of the pending litigation; (2) of the settlement's general terms; (3) that complete information is available from the court files; and (4) that any class member may appear and be heard at the final approval hearing. 4 Newberg on Class Actions § 11:53 (4th ed. 2002).

The proposed Notice satisfies all these elements. First, it explains the nature of the action. Second, the Notice apprises Settlement Class Members of the pendency of the settlement and informs them of material settlement terms. The Notice explains that Class Members who "do nothing" will remain in the Settlement Class, receive a settlement payment, and be bound by the settlement and all orders and judgments. The Notice describes how to object to the settlement, informs Class Members that they will receive a share of the Settlement Amount and explains factors that will be applied to account for their precise recovery. *Pelzer v. Vassalle*, 655 F.App'x

10

at 368 (6th Cir. 2016) (quoting *Int'l Union*, 497 F.3d at 630)(notice should "fairly apprise the prospective members of the class of the proposed settlement so that class members may come to their own conclusions about whether the settlement serves their interests."). Class Members are also provided full notice of their right to file objections, attend the fairness hearing, or hire their own attorney at their expense. *Id* at 368 (quoting *Int'l Union*, 497 F.3d at 631) (notice should be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."). Class Members will have a reasonable amount of time, 60 days from the date the notice is mailed, to object to the Settlement or mail an opt-out request. Courts have routinely found this period to be reasonable and have even approved shorter periods. *Bryant v. Act Fast Delivery of Colo., Inc.*, No. 14-cv-00870-MSK-NYW, 2015 WL 392663, at *5 (D. Colo. June 25, 2015) (45 days).

The Parties will file a Joint Motion for Final Approval of the Settlement within 21 days after the end of the objections period, so as to permit compliance with the Class Action Fairness Act, 28 U.S.C. § 1715(d). The Parties also request the Court to set a final fairness hearing so that the notice can inform Class Members of the date and location of that hearing. To accommodate the notice period, the Parties request a date approximately 100 days after the Court's order preliminarily approving the settlement.

## V. CONCLUSION

The proposed Settlement is fair, adequate, and reasonable. It will result in considerable payments to Class Members; it is non-collusive; and it was achieved as the result of informed, extensive, and arm's length negotiations conducted by counsel for the respective Parties who are experienced in wage and hour class action litigation. For the foregoing reasons, the Parties respectfully request that the Court grant preliminary approval of the proposed Settlement, sign the proposed Order, approve and authorize mailing/emailing of the proposed Class Notice of

Proposed Class Action Settlement, and, to accommodate the Notice period, set a date for a final approval hearing approximately 100 days after the date of preliminary approval.

Respectfully submitted,

BRANSTETTER, STRANCH & JENNINGS, PLLC

/s Emily C. Lamb
David Domene
Emily C. Lamb
William E. Sharp
Blackburn Domene & Burchett PLLC
614 West Main Street, Suite 3000
Louisville, KY 40202
(502) 584-1600 - Telephone
(502) 584-9971 – Facsimile
ddomene@bdblawky.com
elamb@bdblawky.com
wsharp@bdblawky.com

***Counsel for Defendants***

/s/ Matthew Haynie

David O'Brien Suetholz
515 Park Avenue
Louisville, KY 40208
Phone: 502-636-4333
Email: davids@bsjfirm.com

J. Gerard Stranch, IV *
**BRANSTETTER, STRANCH & JENNINGS, PLLC**
223 Rosa L. Parks Avenue, Ste. 200
Nashville, TN 37203
Phone: (615) 254-8801
Fax: (615) 255-5419
Email: gerards@bsjfirm.com

J. Forester
Texas Bar No. 24087532
Matthew Haynie
Texas Bar No. 24087692
**FORESTER HAYNIE PLLC**
1701 N. Market Street, Suite 210
Dallas, Texas 75202
(214) 210-2100 phone
(214) 346-5909 fax
www.foresterhaynie.com

***Attorneys for Plaintiff and the Proposed Class***