UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| KRISTY ESTES, *individually and on behalf of similarly situated persons*, | ) ) ) | Civil No. 6:18-cv-00197-GFVT |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | **MEMORANDUM OPINION** **&** **ORDER** |
| WILLIS & BROCK FOODS, INC., *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

*** *** *** ***

This matter is before the Court on the named Plaintiff's unopposed Motion for Final Settlement Approval. [R. 50.] The named plaintiff brought this class action alleging the Defendants' compensation policy caused her and other pizza delivery drivers' salaries to fall below the minimum wage. The parties achieved a settlement and have followed the Rule 23(e) process for class action settlement approval. Now, the named Plaintiff has moved for final approval of the settlement. For the reasons that follow, the Motion will be **GRANTED**.

**I**

Kristy Estes was a delivery driver for a Papa John's Pizza franchise owned by the Defendants, Willis & Brock Foods, Inc. and Jesse Willis. [R. 1 at 3.] She and other drivers delivered pizza to customers using their personal cars. *Id.* By using their personal vehicles for business purposes, these drivers incurred costs for gas, insurance, repairs, and more. *Id.* While their employer did reimburse them for these costs, Estes brought this claim individually and on behalf of other drivers claiming that the reimbursement rates were insufficient. *Id.* She alleges this policy caused drivers' wages to fall below the minimum wage. *Id.* at 5.

On April 1, 2020, the parties informed the Court that they reached a settlement. [R. 33.] The redacted settlement agreement establishes a three-tier system to compensate class members. [R. 42 at 7-9.] First, each class member's total miles driven for the Defendants is divided by all of the class members' total miles driven to determine the ratio of payment they will receive. *Id.* at 7. Each class member's payment ("potential settlement payment") is determined by their payment ratio, multiplied by the total settlement amount, which is confidential. *Id.* The class members who "previously opted-in"—the twelve Round One opt-in members—receive 1.8 times their potential payment. *Id.* Other class members who submitted claim forms—the thirteen Round Two opt-in members—receive their potential payment. *Id.* The remaining class members receive an averaged portion of the remaining funds. *Id.*

The Court held a preliminary fairness hearing on May 11, 2021, in which the parties argued in favor of approving the settlement. [R. 45.] The Court then granted preliminary approval of the settlement, allowing the parties to begin the notice and Round-Two opt-in period. [R. 48.] The parties now move for final approval of the settlement agreement. [R. 50.] On December 7, the Court held a final fairness hearing and heard oral arguments from both parties in favor of the settlement. [R. 54.] The matter is now ripe for review.

## II

This case is a "hybrid action," raising claims under both the FLSA and Kentucky Wage and Hour law. [R. 1 at 11-14.] This is a common approach to these claims but presents a conflict because the FLSA provides specific standards for class certification and settlement approval that differ from state wage and hour claims. While the Sixth Circuit has not clarified the proper approach for these actions, courts in the circuit conduct Rule 23 and FLSA class certification and settlement approval together. *See, e.g., Love v. Gannett Co., Inc.*, 2021 WL

4352800 (W.D. Ky. Sept. 24, 2021); *Brandenburg v. Cousin Vinny's Pizza, LLC*, 3:16-cv-516, 2019 WL 6310376 (S.D. Ohio, Nov. 25, 2019). This Court finds the Western District of Kentucky's approach, which analyzes hybrid action settlements under both the FLSA and Rule 23 standards, the most appropriate. Accordingly, the Court will review the propriety of the settlement under both standards.

A

First, the Court must approve the terms of the settlement. Courts can approve settlements of FLSA claims if the settlement is a "fair, adequate, and reasonable" resolution of a "bona fide dispute." *Athan v. U.S. Steel Corp.*, 523 F. Supp. 3d 960, 965 (E.D. Mich. 2021); *Burnham v. Papa John's Paducah*, 5:18-cv-112-TBR, 2020 WL 2065793, at *1 (W.D. Ky. Apr. 29, 2020) (citing *Ross v. Jack Rabbit Servs., LLC*, No. 3:14-cv-44-DJH, 2016 WL 7320890, at *2 (W.D. Ky. Dec. 15, 2016)). This requirement ensures plaintiffs do not relinquish their right to full compensation provided by the FLSA. *See id.* The Western District of Tennessee defines a bona fide dispute as "legitimate questions about 'the existence and extent of [d]efendant's FLSA liability.'" *O'Bryant v. ABC Phones of North Carolina, Inc.*, No. 2:19-cv-02378, 2020 WL 4493157, at *6 (W.D. Tenn. Aug. 4, 2020) (quoting *Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F. Supp. 3d 1164, 1172 (S.D. Cal. 2016)). Many courts have found the exact issue presented here—alleged inadequate reimbursement of costs incurred by pizza delivery drivers—does present a bona fide dispute. *Burnham*, 2020 WL 2065793, at *2.; *Love*, 2021 WL 4352800, at *2. This Court agrees. As in *Burnham*, the parties genuinely dispute whether the Defendants' actions violate the FLSA. [*See* R. 50 at 10-11.] The analysis below explains that the settlement is "fair, adequate, and reasonable," so the Court will approve settlement of the FLSA claims. *See*

3

*Love*, 2021 WL 4352800 (using the Rule 23 framework for the "fair, adequate, and reasonable" analysis to approve a settlement under the FLSA).

Next, the Court must analyze the settlement of the Kentucky wage and hour claims, which is governed by the general rule for class action settlement approval, Federal Rule of Civil Procedure 23(e). The Rule provides a number of factors to determine whether the agreement is "fair, reasonable, and adequate," the ultimate requirement for approval. The Sixth Circuit has its own list of factors that courts in the circuit consider alongside the Rule 23 factors. *Doe v. Déjà vu Consulting, Inc.*, 925 F.3d 886, 894-95 (6th Cir. 2019); *Elliott v. LVNV Funding, LLC*, No. 3:16-cv-00675-RGJ, 2019 EL 4007219, at *7 (W.D. Ky. Aug. 23, 2019) (citing *Peck v. Air Evac EMS, Inc.*, No. CV 5:18-615-DCR, 2019 WL 3219150, at *5 (E.D. Ky. July 17, 2019)). Both sets of factors can be generally divided into procedural and substantive concerns. *See* Fed. R. Civ. P. 23(e)(2) advisory committee's note to 2018 amendments.

**1**

The Court is satisfied that the settlement agreement was reached following sound procedure. Rule 23(e)'s procedural concerns include whether the class was adequately represented and whether the agreement was negotiated at arm's length. The Sixth Circuit's procedural factors consider the amount of discovery, opinions of counsel and the class representative, and the risk of fraud or collusion. *Doe*, 925 F.3d at 895.

The class members were represented by counsel with significant experience in this type of case. [R. 50 at 6.] This experience, combined with their informal exchange of information, gave the parties an "adequate information base" to determine the strength of their positions. [R. 50 at 6]; Fed. R. Civ. P. 23(e)(2) advisory committee's note to 2018 amendments; *see also Arledge v. Domino's Pizza, Inc.*, No. 3:16-CV-386-WHR, 2018 WL 5023950, at *2 (S.D. Ohio

4

Oct. 17, 2018) (approving final settlement where "[t]he parties exchanged the most relevant pieces of information . . . [i.e.] records of driver, payroll, and delivery data."). The Court is confident the agreement was negotiated at arm's length, minimizing the risk of fraud or collusion. This case has been ongoing for more than three years and the final agreement was "rigorously negotiated." [R. 50 at 7.] With no evidence or allegation of fraud or collusion, the Court presumes its absence. *Thacker v. Chesapeake Appalachia, LLC*, 695 F. Supp. 2d 521 (E.D. Ky. 2010) (citing *Leonhardt v. ArvinMeritor, Inc.*, 581 F.Supp.2d 818, 838 (E.D. Mich. 2008)). Finally, counsel and the class representative are in favor of approval. [R. 50 at 10; R. 53-1.] The judgment of counsel with significant experience in this area is given great deference. *Thacker*, 695 F. Supp. at 532-33. Accordingly, the Court finds all of the procedural factors weigh in favor of settlement approval.

**2**

The settlement agreement is also substantively sound. Rule 23(e) requires the agreement be "adequate" and treat class members equitably. The Sixth Circuit adds the complexity of the litigation, likelihood of success on the merits, preferential treatment of the named plaintiff, and reactions of absent class members. *Doe*, 925 F.3d at 895.

The adequacy of the agreement includes four sub-factors: comparing settlement to trial and appeal, the effectiveness of the distribution method, attorney's fees, and any external agreements. Fed. R. Civ. P. 23(e)(2)(C)(i)-(iv). There are a number of reasons why settlement is preferable to trial and appeal. "Serious questions" of law and fact are present in the case, so it is unclear whether the class members would be able to recover at trial. [R. 50 at 7.] This is especially compelling because the Sixth Circuit described the probability of success as the most important factor in approving settlements. *Poplar Creek Dev. Co. v. Chesapeake Appalachia,*

*L.L.C.*, 636 F.3d 235, 245 (6th Cir. 2011) (citing *In re Gen. Tire & Rubber Co. Sec. Litig.*, 726 F.2d 1075, 1086 (6th Cir. 1984)). Further, the case is fairly complex and going to trial will necessitate extensive discovery and motion practice. [R. 50 at 9.] Even if the class members were successful at trial, they would be very unlikely to achieve significant recovery due to the Defendants' precarious financial position. *See id.* Given the complexity of the case, open questions, and the Defendants' financial position, settlement is far more helpful to the class members than proceeding to trial. *See In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 524 (E.D. Mich. 2003).

The agreement's method of distribution is fair to the class members. Any member could submit a claim form in Round One or Round Two of the notice period. [R. 47 at 7-9.] Class members who did not submit forms still recover a minimum average payment. *Id.* As the Court stated previously, "the method of distribution does not appear designed to prevent class members from receiving payment." [R. 48.] The Court further finds the requested attorneys' fees are reasonable. The fees are addressed in depth below. *See infra* section II.B. The only agreement external to the settlement agreement is between Estes and the Defendants, generally releasing her claims against them. [R. 47 at 17-23.] This agreement only involves Estes's rights, so it does not affect the class settlement. Under the Rule 23(e)(2)(C) sub-factors, the settlement provides adequate relief for the class members. This adequacy is emphasized by the class members' reaction (or lack thereof). No class member opted out of or objected to the settlement, which weighs in favor of approval. [R. 50-1]; *Brandenburg*, 2019 WL 6310376.

The agreement treats all class members equitably, save for the additional service award given to the named plaintiff. While there are multiple tiers of payouts, these are based on whether and when class members opted in to participate in the suit. [R. 42 at 7-9.] Each class

6

member had an equal opportunity to opt-in, so all class members were treated equitably. *See id.* The preferential treatment given to the named plaintiff is fair because of the time and effort she put into the litigation. [*See* R. 53-1.] Her award is within the range of payments Courts in this Circuit have approved in similar cases. *See Mullins v. S. Ohio Pizza, Inc.*, No. 1:17-CV-426, 2019 WL 275711, at *6 (S.D. Ohio Jan. 18, 2019) (granting "service award" of $10,000); *Arledge*, 2018 WL 5023950, at *6 (same). Accordingly, all of the substantive factors weigh in favor of approval.

### 3

The Sixth Circuit adds one final factor: whether settlement serves the public interest. *UAW*, 497 F.3d at 631. In *Doe*, the Sixth Circuit found public interest favors the settlement of complex litigation and the enforcement of the FLSA. 925 F.3d at 899. As in that case, both of those ends are served by settlement in this matter, so the public interest favors approving this settlement.

The Court finds, pursuant to the Rule 23(e) and Sixth Circuit factors, that the settlement achieved in this matter is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(2). Accordingly, the Court will approve the settlement agreement as it applies both to the FLSA and the wage and hour claims. The Court now turns to approval of the awards and fees provided for in the agreement.

### B

Next, the Court must approve the service award, claims administrator fee, and attorneys' fees provided by the agreement. The service award is warranted because, as explained above, similar service awards have been granted in similar cases and Estes submitted proof of the time and effort she put into the litigation. [R. 53.] The Court also approves the amount to be

distributed to the claims administrator.  The administrator did incur greater costs than the agreement provides for, but the attorneys incurred lesser costs.  [R. 50 at 4, n.1.]  The Plaintiff indicates these overages will be paid for out of the funds set aside for the attorneys' costs.  *Id.*

Next, the Court must analyze the propriety of the proposed attorneys' fees.  Though the parties agreed to the proposed fees, the Court still must review them for reasonableness.  *Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009).  The Court preliminarily ruled that these fees are reasonable, so they will be briefly addressed here.  First, the Court must determine whether to analyze the fees under the lodestar or percentage-of-value method.  *Rawlings v. Prudential-Bache Properties, Inc.*, 9 F.3d 513, 516 (6th Cir. 1993)).  Under either method, the fees must be "reasonable under the circumstances."  *Id.*  The Agreement uses the percentage-of-value approach.  [R. 42 at 9.]  This approach is common in these cases, so the Court sees no reason to instead use the lodestar method.  [R. 42 at 9]; *Mullins v. Data Management Co.*, 1:20-cv-214, 2021 WL 2820560, at *6 (S.D. Ohio June 21, 2021); *Fitzgerald v. P.L. Marketing, Inc.*, 2:17-cv-02251, 2020 WL 3621250, at *9-*10 (W.D. Tenn. July 2, 2020).

The Sixth Circuit uses another multi-factor test to determine whether attorneys' fees are reasonable:

   1. the value of the benefit rendered to the plaintiff class;
   2. the value of the services on an hourly basis;
   3. whether the services were undertaken on a contingent fee basis;
   4. society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others;
   5. the complexity of the litigation; and
   6. the professional skill and standing of counsel involved on both sides.

*Bowling v. Pfizer*, 102 F.3d 777, 780 (6th Cir. 1996).  The Plaintiff addresses these factors in her Motion for Approval and supplements her request to approve fees with the declaration of J. Forester, a partner at the firm representing the Plaintiff.  [R. 50 at 12-17; R. 50-3.]  At the preliminary approval hearing, counsel argued the percentage of the fund allotted for them is

appropriate because of their skill and that the percentage will give them less than the lodestar. [R. 48 at 8.] The Court agreed and found the fees were likely reasonable. *Id.*

Settlement is of great value to the class because, but for the settlement, many fewer class members would recover. [R. 50 at 14.] The class members received a good value for class counsel's services because the percentage of the fund they will receive as payment is less than the lodestar. *Id.* at 15, n.4. Counsel also took this case on a contingent fee, justifying fees as a reward for representing the class without the guarantee of compensation. *See In re Qwest Comm's Int., Inc. Securities Litigation*, 625 F. Supp. 2d 1143. 1151 (D. Colo. 2009). Society's stake in rewarding attorneys who take on these cases also weighs in favor of approval. Wage and hour cases like the one at hand are unlikely to be pursued without class counsel willing to represent groups of workers. *See Gentrup v. Renovo Serv's, LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *4 (S. D. Ohio, June 24, 2011). This case was complex enough to warrant the proposed fees as it required extensive knowledge of the underlying legal issues and class actions. [*See* R. 50-3.] Finally, the attorneys in this case are thoroughly experienced in delivery driver wage and hour cases. *Id.*

Though it is not an enumerated factor, the Court finds it compelling that other courts in the circuit have approved similar fees in FLSA cases. *Brittmon v. Upreach LLC*, No, 2:17-cv-219, 2018 WL 7889855 (S.D. Ohio Nov. 8, 2018); *Salinas v. U.S. Xpress Enterprises, Inc.*, No. 1:13-cv-00245, 2018 WL 1477127 (E.D. Tenn. Mar. 8, 2018). Because the factors weigh in favor of approval and the proposed fees are within the range previously approved, the Court finds the proposed fees are reasonable.

## C

The Court must also formally certify the class for the wage and hour claims under Rule 23 and certify the collective action under the FLSA.  The following group was previously granted conditional certification under Rule 23:

> all individuals who have previously opted into this lawsuit, and all other Kentucky-based delivery drivers employed by Defendants who received mileage reimbursements from July 20, 2015, to July 20, 2020.[1]

[R. 48 at 14.]  The Court also conditionally certified a collective action of "all delivery drivers who worked for Defendants within the three years preceding this Order" under the FLSA.  [R. 21.]

The wage and hour claim class must meet each of the factors in Rule 23(a) and one of the subsections in Rule 23(b) to be finally certified.  The conditional certification was pursuant to Rule 23(b)(3), though the Plaintiff was unsure which subsection was appropriate.  [R. 48 at 10.]  Groups of delivery drivers are regularly certified pursuant to Rule 23(b)(3).  *Waters v. Pizza to You, LLC*, No. 3:19-cv-372, 2021 WL 229040, at *9 (S.D. Ohio, Jan. 22, 2021); *Brandenburg*, 2018 WL 5800594.

The Rule 23(a) requirements are easily met.  The class included 120 members, three times the number of members typically sufficient to satisfy the numerosity requirement.  [R. 50-1]; *see Lott v. Louisville Metro Gov't*, No. 3:19-CV-271-RGJ, 2021 WL 1031008, at *10 (W.D. Ky. Mar. 17, 2021) (quoting *Garner Properties & Mgmt., LLC v. City of Inkster*, 333 F.R.D. 614, 622 (E.D. Mich. 2020)).  The class's claims share commonality because they suffered the same injury: inadequate reimbursement of costs incurred as delivery drivers for the Defendants.

---

[1] The Plaintiffs state the class less specifically in their Motion.  [R. 50-4 ("Defendants' drivers who worked at Defendants' stores from July 20, 2015 to July 20, 2020."]  However, the class stated here, which was the class conditionally certified and the class as stated in the Settlement Agreement, is preferable because it is more specific.

*See Waters*, 2021 WL 229040, at *7. Estes's claims are typical of the class because she suffered from the same inadequate reimbursement by the Defendants as the rest of the class. *See id.* at *8. Finally, Estes adequately represented the class because of her shared claims and retention of experienced counsel to litigate the case. *Id.*; *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1083 (6th Cir. 1996). Each of the Rule 23(a) factors is satisfied.

Rule 23(b)(3) is also satisfied, justifying class certification. Rule 23(b)(3) certifies a class when the class claims predominate over individual claims and a class action is the superior method of resolving the claims. The question of predominance centers around the cohesion of the class members and their claims, specifically focusing on whether the claims will be proven by general or individual proof. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 622 (1997). The claims in this matter would be proven by generalized proof of the reimbursement policy and its legality. All of the class members were subject to the same policy, so its inadequacy is the predominant issue in the case. *Waters*, 2021 WL 229040, at *9.

A class action is the superior method of resolving these claims. The individual claims do not present significant enough damages for most class members to pursue individual lawsuits against the Defendants. Further, the Defendants likely do not have the resources to compensate all of the class members even if each member pursued their own claims. The class settlement ensures each member recovers for their injuries. Accordingly, the class satisfies each of the Rule 23(a) and 23(b)(3) factors, so class certification is appropriate.

Finally, the FLSA collective action also deserves certification. The Court granted conditional certification, noting the bar for conditional certification under the FLSA is not high and that both parties agreed that bar was met. [R. 21.] Final certification is granted when the Court finds that the plaintiffs are "similarly situated." 29 U.S.C. § 216(b). Plaintiffs are

similarly situated if they "suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567 (6th Cir. 2009), abrogated on other grounds by *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 136 S. Ct. 663, 193 L. Ed. 2d 571 (2016). For the reasons laid out above, this is clearly the case here and certification under § 216(b) is appropriate. *See Mullins*, 2021 WL 2820560, at *4 (certifying a class of delivery drivers bringing the same inadequate reimbursement claim under § 216(b)).

### III

Accordingly, the Court being sufficiently advised, the Motion for Final Settlement Approval **[R. 50]** is **GRANTED**. It is hereby **ORDERED** as follows:

1. The following class is certified for settlement purposes as a class action pursuant to Federal Rule of Civil Procedure 23(a), (b)(3):

   > all individuals who have previously opted into this lawsuit, and all other Kentucky-based delivery drivers employed by Defendants who received mileage reimbursements from July 20, 2015, to July 20, 2020.

2. The following collective action is finally certified for settlement purposes pursuant to 29 U.S.C. § 216(b): all current and former delivery drivers employed by Defendants within the three years preceding January 25, 2019;

3. The Settlement Agreement reached by the parties is fair, adequate, and reasonable, and accordingly is approved pursuant to Federal Rule of Civil Procedure 23(e) and 29 U.S.C. § 216(b);

4. The Court approves the Settlement Agreement as a fair and reasonable compromise of the Parties' disputes;

5. All class members are bound by this Judgment and by the terms of the Settlement Agreement;

6. The Court approves of the proposed distribution of the Net Settlement Fund, as defined in the Agreement, to Plaintiff, the Opt-In Plaintiffs, and the Class Members;

7. The Court approves the proposed participation award to the Named Plaintiff, Kristy Estes;

8. The Court approves the payment of the actual costs of the Settlement Claims Administrator, with the overages to be paid from the funds designated for class counsel's costs;

9. The Court approves the proposed payment of attorneys' fees to Class Counsel in the amount established in the agreement, and reimbursement of Counsel's actual costs and litigation expenses;

10. The case is hereby **DISMISSED WITH PREJUDICE**, and;

11. The Clerk is hereby directed to **STRIKE** this matter from the Court's active docket.

This the 7th day of March, 2022.

Gregory F. Van Tatenhove
United States District Judge